**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 1:25-cv-13906 |
| | ) | |
| v. | ) | |
| | ) | |
| KEMAL MRNDZIC, | ) | |
| a/k/a Kemal Mrndjic, | ) | |
| a/k/a "Kemo," | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S MOTION TO STAY PROCEEDINGS**

On March 11, 2026, Defendant Kemal Mrndzic ("Defendant"), who is incarcerated, moved this Court to stay proceedings in this civil naturalization revocation matter for a time period that would "extend through the conclusion of his direct appeal [in his criminal matter], including the [criminal] case currently pending in the First Circuit (*United States v. Mrndzic,* 25-1140), as well as any future cert. proceedings in the Supreme Court."  ECF No. 7 at 1.  The United States of America ("Plaintiff") does not oppose Defendant's stay motion, so long as the stay period is, in fact, limited to the time required for Defendant to exhaust his criminal appeal remedies in 23-cr-10158 (D. Mass.)/25-1140 (1st Cir.).  However, to the extent that Defendant seeks a stay of this matter beyond the time required for him to exhaust his criminal appeal remedies in 23-cr-10158 (D. Mass.)/25-1140 (1st Cir.), Plaintiff opposes Defendant's stay motion.

As grounds for his stay motion, Defendant notes several factors, including his indigency and lack of means to hire counsel; his inability to "realistically participate in discovery" in this matter; his lack of "consistent access to phone or email"; "voluminous" discovery materials that

he believes are at issue; and his "ability to possess and review materials is limited while incarcerated within the Bureau of Prisons" such that "he would be seriously prejudiced" in "draft[ing] pleadings or meet[ing] deadlines while incarcerated."  ECF No. 7 at 1-2.  Some of Defendant's proffered stay grounds, however, seem to imply that a stay of this matter is necessary, and may be appropriate, for the *duration of* his incarceration *due to the fact of* his incarceration – a position with which Plaintiff disagrees.  It is for this reason that Plaintiff thus qualifies its non-opposition to Defendant's requested stay motion.

To the extent that, once Defendant exhausts his criminal appeal remedies, he wishes to extend a stay of this matter beyond the period required to exhaust his appeal, Defendant can raise arguments at that time that he believes support extending the stay.

Accordingly, Plaintiff does not oppose Defendant's motion to stay this civil naturalization revocation matter for the time required – but no longer than the time required – for Defendant to exhaust his criminal appeal remedies in 23-cr-10158 (D. Mass.)/25-1140 (1st Cir.).

Dated: March 20, 2026                                       Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JENNIFER J. KEENEY
Associate Director
Office of Immigration Litigation

JOHN J. W. INKELES
Chief
Affirmative Litigation Unit

J. MAX WEINTRAUB
Senior Litigation Counsel

By:     /s/  *Christopher W. Hollis*
CHRISTOPHER W. HOLLIS

2

Trial Attorney, IL 6283101
United States Department of Justice
Office of Immigration Litigation
Affirmative Litigation Unit
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 305-0899; Fax: (202) 616-8962
christopher.hollis@usdoj.gov

*Counsel for the United States of America*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 20, 2026, I caused a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PROCEEDINGS to be filed on the Court's electronic filing system and to be sent by FedEx to the following address of record for Defendant.

Kemal Mrndzic, Register #59479-510
FCI Danbury
Federal Correctional Institution
33 ½ Pembroke Road
Danbury, CT 06811

/s/  *Christopher W. Hollis*
CHRISTOPHER W. HOLLIS
U.S. Department of Justice

4